Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/09/2021 08:09 AM CDT

- 538 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PRIMMER
Cite as 309 Neb. 538

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Chad D. Primmer, respondent.
___ N.W.2d ___

Filed June 18, 2021.    No. S-21-087.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The Supreme Court of Iowa entered an order regarding the respondent, Chad D. Primmer, on January 11, 2021. The Counsel for Discipline of the Nebraska Supreme Court, the relator, filed a motion for reciprocal discipline against the respondent. We grant the motion for reciprocal discipline and impose a suspension for a period of 60 days.

## FACTS

The respondent was admitted to the practice of law in the State of Nebraska on April 10, 2003. He has been an active member of the Nebraska State Bar Association and the Iowa State Bar Association.

On January 11, 2021, the Supreme Court of Iowa issued an order and final judgment in which it found that the respondent violated the Iowa Rules of Professional Conduct. The

- 539 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
309 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. PRIMMER
Cite as 309 Neb. 538

respondent was found to have violated "Iowa Rules of Pro-
fessional Conduct 32:1.15(a),(c),(d),(f), and 32:8.4(c) and Iowa
Court Rules 45.2(2), (3)(a), and 45.7(3),(4)." The Supreme
Court of Iowa found that the respondent failed to perform
monthly reconciliations of the client trust account, failed to
maintain a check register, failed to keep client ledger balance
sheets/cards, failed to always give written notice and account-
ing of withdrawal to clients, and falsely certified in his annual
reporting that the monthly reconciliations were completed.

The order suspended the respondent from the practice of law
for a period of 60 days, plus costs. Attached to the order is an
affidavit filed by the respondent in which he voluntarily con-
sented to temporary suspension of his practice of law.

On February 3, 2021, the relator filed a motion for reciprocal
discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary
rules. The motion stated that the above-cited Iowa Supreme
Court rules are in sum and substance the equivalent to Neb. Ct.
R. of Prof. Cond. § 3-501.15(a), (c), (d), and (e) and Neb. Ct.
R. of Prof. Cond. § 3-508.4(c) (rev. 2016).

This court filed an order to show cause as to why it
should not impose reciprocal discipline. The respondent filed
a response to the order to show cause in which he agrees to
"identical discipline to that entered in the State of Iowa."

## ANALYSIS

The basic issues in a disciplinary proceeding against an
attorney are whether discipline should be imposed and, if so,
the type of discipline appropriate under the circumstances.
*State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814
N.W.2d 107 (2012). In a reciprocal discipline proceeding, a
judicial determination of attorney misconduct in one jurisdic-
tion is generally conclusive proof of guilt and is not subject to
relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304
of the disciplinary rules provides that the following may be
considered as discipline for attorney misconduct:

- 540 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PRIMMER
Cite as 309 Neb. 538

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

(A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the State Bar of Iowa, we determine that suspension is appropriate.

We grant the motion for reciprocal discipline and impose a suspension of 60 days. In doing so, we do not necessarily endorse the measure of discipline had the case originated in Nebraska.

CONCLUSION

The motion for reciprocal discipline is granted. The respondent is suspended from the practice of law for 60 days, effective

- 541 -

Nebraska Supreme Court Advance Sheets
309 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. PRIMMER
Cite as 309 Neb. 538

immediately. The respondent shall comply with all notification requirements by suspended members provided by Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.